THE·STATE v. F. M. McCOY et als.

BAIL. *Officer has no right to take. When.* Where an officer takes bail of a prisoner before he has been examined or committed, such is a nullity, and the sureties are discharged. The officer has no such power except in the sense specified in the statute. Code, Secs. 5,017, 5,056, 5,144.

FROM FRANKLIN.

Appeal from the Circuit Court. A. S. MARKS, Judge. (Presiding by interchange with Judge Hickerson.)

ATTORNEY-GENERAL HEISKELL for State.

FITZPATRICK, GREGORY & DAVIS for McCoy et als.

SNEED, Judge, delivered the opinion of the Court.

This was a proceeding by *scire facias* against bail. The Court below quashed the writ and the State appealed. The defendant's principal in the bail-bond had been arrested by the Deputy Sheriff of Franklin County upon a warrant from a Justice, charging an assault and battery with intent to commit a rape. The officer arrested him on the 18th of September, 1872, and in his return upon the warrant indicated the following day at four o'clock in the afternoon as the time for trial before the Justice. The examination as it seems was postponed, and on the 24th of September, 1872, the Deputy Sheriff took the prisoner's bail-bond

with the defendants as sureties for the prisoner's appearance before the said Justice for examination on the 27th of September, 1872. The defendant did not appear, and the Justice took a forfeiture against him and the sureties and certified the proceeding to the Circuit Court, where a judgment *nisi* was entered and *scire facias* issued. There had been no examination of the case and no commitment at the time the bail-bond was given. Indeed a commitment before examination would have been in violation of a positive statute. No person can be committed to prison for any criminal matter until examination thereof be first had before some magistrate. Code, § 5,017. The *scire facias* shows on its face that the 27th of September was the day fixed for an examination of the charge, and that the matter had been adjourned over until that day. There being no commitment then, the officer had no right to take bail in such a case. Code, §§ 5,066, 5,144. He has no such power except in the cases specified by statute. The bond was therefore a nullity, and the *scire facias* was properly quashed. Other questions are made, but as this is decisive they need not be discussed.

Affirm the judgment.